In the Matter of the Claim of GUISEPPINA D'AMATO, Appellant, against GENERAL ELECTRIC COMPANY, Respondent. STATE INDUSTRIAL BOARD, Respondent.— The deceased workman, while in the regular course of his employment, sustained an accidental injury, March 22, 1926. An award was thereafter made for eighty-five per cent loss and loss of use of left foot. After the wounds healed deceased returned to work. Later he was obliged to have foot treated. He died October 21, 1931. Dependents assert that death resulted from the accident. The medical testimony is conflicting. The evidence sustains the finding of the Industrial Board. Decision unanimously affirmed. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.

In the Matter of the Claim of OLIVE M. BECKELS, Respondent, against ARNOLD WEINBERGER and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Award of death benefits. Evidence supports finding that deceased employee was electrocuted while operating an electric pressing machine in the employer's tailor shop. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.

In the Matter of the Claim of HARRY P. FISCHER, Appellant, against VILLAGE OF SARANAC LAKE and Another, Respondents. STATE INDUSTRIAL BOARD, Respondent.— Appeal from determination of the State Industrial Board denying compensation to claimant. He was employed by the village clerk as an assistant and was paid therefor by such clerk individually; he claims to have been employed also by the consolidated health district of which the village formed a part, and that he was also employed directly by the village to perform certain other duties. While descending the stairs of the building in which were located the village offices and also the office of the village clerk, he slipped and was injured. There is no proof that claimant had been engaged on the day in question in any work for either the village or the health district. The evidence shows that he had been employed on the morning in question by the village clerk. Decision unanimously affirmed. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.

In the Matter of the Claim of MARGARET REGAN MERRILL, Appellant, against SKENANDOAH RAYON CORPORATION and Others, Respondents. STATE INDUSTRIAL BOARD, Respondent.— Irving A. Merrill sustained accidental injuries in the course of his employment from which he died. At the time of his death he had a lawful wife living, Mabel Wilkinson Merrill Davidson, to whom an award has been made. The claimant here, Margaret Regan Merrill, lived with the decedent and had several children by him; there was no error on the part of the Board in making award to Mabel Wilkinson Merrill Davidson and in holding that Margaret Regan Merrill does not come within the provisions of the Compensation Law. Decision and award unanimously affirmed, without costs. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.